EXHIBIT B
PLAINTIFF'S FIRST AMENDED PETITION FILED
IN DISTRICT COURT ON OCTOBER 5, 2021

Filed 10/5/2021 1:35 PM
Karen Bunn
District Clerk
Upshur County, Texas
Reviewed By: James Thomas

## CAUSE NO. 515-21

| | | |
|---|---|---|
| TIFFANY CAMPBELL, *Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| v. | § § § | UPSHUR COUNTY, TEXAS |
| DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL *Defendant.* | § § § § | 115th JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Tiffany Campbell, ("Plaintiff") hereby files this *Original Petition* against Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General, ("Defendant" or "Dollar General") and would show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, discovery should be conducted pursuant to Discovery Control Plan Level 2.

### II. THE PARTIES

2. Plaintiff Tiffany Campbell is an individual residing in Ore City, Texas.

3. Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General is a Tennessee corporation whose principal place of business is located at 100 Mission Ridge, Goodlettsville, Tennessee 37072-2171. Defendant may be served by serving process on its registered agent: Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701 or at any place where such authorized agent may be found.

### III. STATEMENT OF RELIEF

4.  As set forth in more below, Plaintiff alleges claims and cause of action based on personal injury resulting from a defective shelf/rack on Defendant's premises. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgement interest, post-judgment interest, and attorney's fees. However, Plaintiff reserves the right to amend this petition in the event that its claim is revealed to be in excess of such amount. Additionally, Plaintiff seeks all further relief, both general and specific, legal or equitable, to which it may justly be entitled.

### IV. JURISDICTION AND VENUE

5.  This Court has jurisdiction over the subject matter because the amount-in-controversy exceeds the minimum jurisdiction threshold.

6.  This Court has personal, both general and specific, over the parties because Defendant is a resident of Texas and/or all or substantial part of the relevant events, acts, and/or omissions giving rise to the claims and/or causes of action set forth herein occurred in Texas.

7.  Pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Upshur County because all or substantial part of the relevant events, acts, and/or omissions giving rise to the claims and/or causes of action set forth herein occurred in Upshur County.

### V. FACTUAL BACKGROUND

8.  This case arises out of Defendant's negligence and failure to maintain its property safe for its invitees. Defendant is the owner of the property known as Dollar Store General located at 2253 US Highway 259 South, Diana, TX 75640, where the incident took place.

9. Defendant had the right to control maintain the premises in proper and good condition. Defendant had the duty to make repairs, alterations, and replacements to the premises for the continued safe operation of the premises. Additionally, Defendant had the responsibility to require that all store employees learn and follow general safety procedures.

10. Here, Defendant was negligent in performing its duty to make repairs, alterations, and replacements to the store premises for the continued safe and orderly operation of the store and its employees failed to follow safety procedures. Therefore, Defendant was negligent in its duty to avoid increasing the probability and severity of any injuries to its invitees.

11. On or about September 1, 2021, Plaintiff was shopping in Defendant's store. At around 7:45pm, Plaintiff was injured when the top shelf at the store came crashing down on her back, shoulders, and neck due to the top shelf that been poorly maintained. As a result, Plaintiff injured her back, shoulders, and neck as it was injured by the heavy items on the shelf and store's poorly maintained shelf itself coming down on her.

12. After the incident, Plaintiff immediately made a report with Defendant's store employee. Plaintiff then had to seek medical treatment and has missed work because of the incident.

13. Plaintiff asserts that the Defendant's negligent failure to properly maintain and inspect the shelves on its premises, resulted in improperly storing heavy items on a top shelf that had been poorly maintained.

14. Plaintiff asserts that the Defendant was responsible for providing a safe environment and/or area for the Plaintiff, as an invitee at the time of the incident and that the Defendant and its employees/agents, were responsible for creating an unreasonably dangerous condition to invitees, including Plaintiff.

15. Accordingly, Defendant's agents and employees, were aware, or reasonably should have been aware, that an unreasonably dangerous condition existed and/or could have existed due to Defendant's negligent conduct, yet made no efforts were made to reduce or eliminate the unreasonably dangerous condition, nor did they warn Plaintiff about the dangerous condition.

16. As a result of Plaintiff's incident described herein, Plaintiff sustained serious and permanent personal injuries and damages.

## VI. CAUSES OF ACTION

### A. NEGLIGENCE (AGAINST DEFENDANT)

17. All preceding paragraphs are incorporated herein as if fully set forth.

18. Plaintiff specifically alleges that upon the occasion in question, Defendant failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

   a. Failure to keep their premises reasonably safe for their customers;

   b. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions;

   c. Failure to ensure that their employees reduce or eliminate any unreasonably dangerous conditions;

   d. Failure to maintain and enforce policies for inspecting the premises for unreasonably dangerous conditions;

   e. Permitting a dangerous condition, of which Defendants should have reasonably been aware, to exist for an unreasonable period of time;

   f. Failure to provide adequate warning to Plaintiff of all unreasonably dangerous conditions of which the Defendants had actual or constructive knowledge;

   g. Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

    h.    Failure to adequately train their employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

    i.    Failure to adequately supervise their employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

    j.    Failure to terminate employee's incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

    k.    Failure to provide proper maintenance to the store shelves/racks to prevent unreasonably dangerous conditions.

19.    Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

### B. NEGLIGENCE OF THE DEFENDANT'S EMPLOYEES

20.    Plaintiff alleges that upon the occasion in question, the Defendant's employees failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

    a.    Failure to keep the premises reasonably safe for its customers;

    b.    Failure to eliminate any unreasonably dangerous conditions;

    c.    Causing an unreasonably dangerous condition;

    d.    Failure to give adequate warning to Plaintiff of all unreasonably dangerous conditions of which the employees had actual or constructive knowledge.

    e.    Failure to provide proper maintenance to the store shelves/racks to prevent unreasonably dangerous conditions.

21. Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

### C. NEGLIGENCE – PREMISES LIABILITY

22. Pleading in the alternative, Plaintiff would show that she was an invitee on Defendant's premises. Defendant had actual or constructive knowledge of the condition on the premises in question. The condition posed an unreasonable risk of harm to Plaintiff. Defendant did not exercise reasonable care to reduce or eliminate the risk and the Defendant's failure to exercise such care proximately caused Plaintiff's injuries.

23. Defendant's negligence and failure to use ordinary care was the direct and proximate cause of the incident in question and of Plaintiff's damages and personal injuries. Defendant was guilty of the following acts of negligence and common law negligence, each of which was the direct and proximate cause of Plaintiff's injuries and damages, to-wit:

   a. Failing to maintain a safe property;

   b. Failing to make sure that the store shelves/racks were secure and properly maintained in order to prevent catastrophe;

   c. Failing to maintain a property free from unnecessary hazards;

   d. Failing to properly supervise the operation of its facility;

   e. Failing to warn Plaintiff and the public of an unreasonably dangerous condition;

   f. Failing to provide proper maintenance to the shelves/racks to prevent unreasonably dangerous conditions.

   g. Failing to properly inspect the shelves/racks to prevent injuries, which Defendants knew or should have known of, yet failed to take affirmative steps to remove, reduce and/or warn others of same; and

   h. Other acts deemed negligent.

6

24. Because of the foreseeability of injury to Plaintiff and the public was so apparent, yet utterly disregarded by Defendant, Defendant is liable to Plaintiff for Negligence, Malice and/or gross negligence and same was a proximate cause of the occurrence in question and/or of Plaintiff's damages.

### D. NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION

25. Plaintiff re-alleges and incorporates herein by reference as though fully set forth each and every allegation containing in Paragraphs 1 through 16 of this Petition.

26. As an invitee of the Hotel, Defendant owed a duty to Plaintiff to hire, supervise, train, and retain its employees.

27. Defendant breached that duty by failing to adequately hire, train, supervise competent employees to staff and maintain the premises in a safe fashion.

28. Defendant's breach was a proximate cause of the injuries sustained by Plaintiff while she was staying as an invitee at the Defendant's Dollar Store General on September 1st, 2021.

### E. GROSS NEGLIGENCE

29. Plaintiff re-alleges and incorporates herein by reference as though fully set forth each and every allegation containing in Paragraphs 1 through 16 of this Petition.

30. Plaintiff's injuries resulted from Defendant's gross negligence, which entitles Plaintiff to exemplary damages. Defendant's conduct as exhibited by Defendant's employees, when viewed objectively from Defendant's standpoint at the time of this incident and with the knowledge that it had regarding the importance of maintaining all equipment and securing each shelf/rack, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.

31. Defendant had actual, subjective awareness of the risk to Plaintiff, but failed to fix and/or remedy the shelf/rack in the store and proceeded in improperly usuing the shelf/rack in a dangerous fashion by having numerous items on the shelf/rack evidencing a gross negligence towards the safety and welfare of Plaintiff and other invitese.

### F. RESPONDEAT SUPERIOR

32. At all relevant times herein, all of the agents, servants, or employees of Defendants who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendant and renders Defendant liable for all damages suffered by Plaintiff under the doctrine of respondeat superior.

### VII. DAMAGES

33. As a result of the incident described above, Plaintiff seeks damages including, but not necessarily limited to the following:

    a. Medical expenses incurred in the past;

    b. Medical expenses likely to be incurred in the future;

    c. Physical pain and suffering sustained in the past;

    d. Physical pain and suffering likely to be sustained in the future;

    e. Mental anguish sustained in the past;

    f. Mental anguish likely to be sustained in the future;

    g. Physical impairment sustained in the past;

    h. Physical impairment likely to be sustained in the future;

    i. Prejudgment interest;

j.  Post judgment interest;

k.  Costs of court;

l.  Loss of Earnings; and

m.  All such other and further relief, special or general, legal or equitable, to which Plaintiff may show herself to be justly entitled.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and, upon final hearing of this cause, Plaintiff has judgment against Defendants for damages described herein, for costs of suit, pre-judgment and post-judgment interest at the maximum legal rates. Plaintiff also prays for actual and exemplary and punitive damages in an amount that exceeds the minimum jurisdictional limits of the Court, and for all further relief, special or general, legal or equitable, to which Plaintiff may show herself to be justly entitled.

Dated: October 5, 2021.

Respectfully submitted,

**BUSH & BUSH LAW GROUP**

*Charles J. Bush*
_____
Charles Bush
Texas Bar No. 24096028
Email: cbush@bushlawgrp.com
Cynthia Castanon
Texas Bar No. 24093492
Email: ccastanon@bushlawgrp.com
3710 Rawlins Street, Suite 1420
Dallas, Texas 75219
Telephone: (214) 615-6394
Facsimile: (833) 817-6428
**E-service only:** service@bushlawgrp.com
**Attorneys for Plaintiff Tiffany Campbell**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cynthia Castanon on behalf of Cynthia Castanon
Bar No. 24093492
ccastanon@bushlawgrp.com
Envelope ID: 57890172
Status as of 10/5/2021 1:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Charles Bush | | service@bushlawgrp.com | 10/5/2021 1:35:49 PM | SENT |
| Cynthia Castanon | | ccastanon@bushlawgrp.com | 10/5/2021 1:35:49 PM | SENT |
| Rhonda Herbert | | rherbert@bushlawgrp.com | 10/5/2021 1:35:49 PM | SENT |
| Charles JonathanBush | | cbush@bushlawgrp.com | 10/5/2021 1:35:49 PM | SENT |